# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CLINTON L. MOORMAN, JR.,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:07-cv-806-Orl-28DAB**

**UNION COUNTY, NEW JERSEY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)** |
| **FILED:** | **May 14, 2007** |
| | **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. |

    Plaintiff seeks to proceed in this action[1] *in forma pauperis*. In order to proceed this way, Plaintiff must allege a non frivolous cause of action within the limited jurisdiction of the federal courts. Plaintiff's Complaint reads, in its entirety, "invasion of privacy, attempted murder, theft of personal property, destruction of property" as his claims. Doc. No. 1. The Complaint does not describe any facts whatsoever. To the extent the Defendant is a governmental unit in New Jersey,

---

[1] Plaintiff filed three other lawsuits along with this one. *See* Docket numbers 07cv804 through 07cv807. The complaint in the other actions are similar to the one filed herein, though naming different defendants in each case.

there are no allegations sufficient to establish personal jurisdiction over the County in this Court. Further, even if Plaintiff were to show that Union County, New Jersey is amenable to suit in Orlando, Florida, Plaintiff fails to plead a factual or legal basis for a cause of action cognizable within the limited subject matter jurisdiction of this Court.

To the extent it may be inferred that Plaintiff is attempting to state a cause of action under 42 U.S.C. § 1983, the Complaint fails to contain any factual support for such a claim. "To impose Section 1983 liability on a municipality, a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th. Cir. 2004), *citing City of Canton v. Harris,* 489 U.S. 378 at 388, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). The instant Complaint fails to state a claim for § 1983 as all of these required elements are missing. In any event, absent a showing of personal jurisdiction over this Defendant in this Court, any such showing is moot.

It is recommended that Plaintiff's application be denied and that the action be dismissed if Plaintiff fails to file an amended complaint setting forth some claim within the limited jurisdiction of this Court. Any such amendment must meet the requirements of Rule 8 of the Federal Rules of Civil Procedure that the complaint contain "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a short and plain statement of the claim showing that the pleader is entitled to relief" within 11 days from the date of any Order adopting or affirming this Report and Recommendation. **Accordingly, it is respectfully RECOMMENDED that Plaintiff's case be DISMISSED without further notice if he fails to file an amended complaint in compliance with**

**these guidelines within 11 days from the date of any Order adopting or affirming this Report and Recommendation**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 15, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy